

FILED

2012 OCT 30 PM 12: 48

CLERK, U.S. ...
CENTRAL ...

1  NICHOLAS WEIMER Esq.    73094
2  739 S. McCann Ave.
   Springfield, Mo. 65804
3
4  Attorney Pro Se

5  (323) 377-1814

6
7
8
                    UNITED STATES DISTRICT COURT

                    CENTRAL DISTRICT OF CALIFORNIA

9  NICHOLAS WEIMER,                    CV12-9296 SVW (JCGx)
                               )       Case No.
10            Plaintiff,       )
                               )       COMPLAINT FOR:
11                             )
                               )       1. UNFAIR DEBT COLLECTION
12                             )          PRACTICES
      vs.                      )
13                             )       2. UNFAIR COMPETITION AND
                               )          DECEPTIVE TRADE
14 WELLS FARGO, SUSAN AND GERALD )        PRACTICES
   LUNG,                       )
15                             )       3. FRAUD
            Defendants.        )
16                             )       4. INTENTIONAL INFLICTION
                               )          OF EMOTIONAL DISTRESS
17                             )
                               )       5. DEFAMATION
18                             )
                               )       6. NEGLIGENT
19                             )          MISREPRESENTATION
                               )
20                             )       7. NEGLIGENT
                               )          REPRESENTATION
21                             )
                               )       8. QUIET TITLE
22                             )
                               )       9. VIOLATION OF RICO
23                             )
                               )
24                             )

25

26     COMES NOW plaintiff NICHOLAS WEIMER to request the court to

27  issue declaratory judgment, preliminary and permanent

28  injunctive relief and damages and to quiet title.

PAID

OCT 3 0 2012

Clerk, US District Court
COURT 4612

1. Jurisdiction of this court arises under 15 USC sec. 1681p and 1692 k(d) and 28 USC sec. 1331. Declaratory relief is available pursuant to 28 USC sec. 2201.

2. Venue is proper because the relevant events occurred within the county of Los Angeles, and the county of Los Angeles is located within this federal district.

3. An actual controversy exists between the parties, in that the conduct of defendants have wrongfully caused damage to plaintiff's credit resulting in substantial harm to plaintiff unless the requested relief is granted. The amount in controversy exceeds $75,000.00

4. Plaintiff is a natural party residing within the county of Los Angeles, state of California and is an attorney licensed to practice law in the state of California.

5. Defendant Wells Fargo is a corporation doing business in the state of California and at all times mentioned herein.

6. Defendants Rebecca and Gerald Lung are individuals residing in the county of Los Angeles, and are purchasers of plaintiff's property located at 814 S. Rimpau Blvd., Los Angeles California, but not bona fide purchasers as a lis pendens was on file at the time of the purchase and remains so.

7. Plaintiff's federal and state law claims against the defendants derive from a common focus of operative facts and are of such character that plaintiff would ordinarily be

2

expected to try them in one judicial proceeding.
Consequently, this court has pendent jurisdiction over
plaintiff's state law claims against the defendants.

**FIRST CAUSE OF ACTION**

**UNFAIR DEBT COLLECTION PRACTICES**
**(Against Wells Fargo)**

7. On or about 2005, plaintiff entered into a loan
agreement secured by a First Trust Deed with EXPRESS CAPITAL
(Countrywide Home Loans) on property located at 814
S. Rimpau Blvd, Los Angeles, California 90005 for
$1,275,000.00.It was represented that the interest rate
would be ½ point less than what it eventually turned out to
be at closing. Countrywide used its bait and switch tactics
to wait until just before closing to cause the maximum
detriment to plaintiff if plaintiff should back out. Wells
Fargo later bought the loan and as a holder in due course is
liable for the conduct committed by Countrywide as a
purchaser in due course.

5. Further, just before closing, EXPRESS CAPITAL
demanded and forced that plaintiff allow EXPRESS CAPITAL to
hold $7,400 (seven months reserve property taxes) in a
special reserve account with a provision that it would pay
the taxes when due.

6. In approximately May of 2006, or earlier, when
plaintiff sought a second mortgage, he learned that not
only did Capital Express not pay the property taxes, but it
did not establish a reserve account as required by law. As a

3

result, GMAC, held $14,000.00 from the proceeds of the second to pay the property taxes. When plaintiff complained to Countrywide, instead of correcting the problem, Countrywide sold the loan to Wells Fargo.

7. Wells Fargo then improperly set up an impound account regarding property taxes. Plaintiff, not having agreed to an impound account did not pay amounts demanded, but regularly and timely paid his monthly mortgage payment and his property taxes. Wells Fargo then wrongful began sending delinquency notices to plaintiff and at one point filed a notice of default threatening to foreclose on plaintiff's property. After much insistence, and refusal to pay requested amounts into the impound account, it was eventually removed.

8. It wasn't until approximately August of 2006, that plaintiff received the $7,400 from Wells Fargo that had been wrongfully witheld in improper accounts and not paid for property taxes as represented.

9. In approximately April of 2006, defendant Wells Fargo through its agent ASC purposely credited plaintiff's April payment to March even though March had already been paid.

10. In approximately June, July, or August, defendant Wells Fargo, through its agent ASC, received plaintiff's monthly payment in a timely manner but did not cash it. Around the 14th of said month, while reviewing his bank account, plaintiff noticed that the payment had not been

cashed. Plaintiff then telephoned ASC and made an electronic payment, to avoid defendant's fraudulent, unethical, and in bad faith effort to cause plaintiff to be more than 30 days late in reality.

11. Subsequently, in approximately May or June of 2006, out of revenge and/or in concert with Countrywide Loans ASC began reporting plaintiff as being more than 30 days late in making monthly payments on his property when in fact plaintiff had not even incurred a late charge, always paying within the grace period. As soon as plaintiff would obtain letters from ASC confirming that plaintiff had not been late, the credit bureaus would attempt to confirm plaintiff's letters, but would be told by ASC that plaintiff was in fact 30 days late. As soon as plaintiff would finally accomplish removing the false information from his credit reports, ASC would report to the credit bureaus that another month was more than 30 days late. Each time they would choose a payment that had been made approximately 3 months ago. After approximately six months of said fraudulent conduct and threats of lawsuits against ASC and the credit bureaus, plaintiff sent the credit bureaus approximately four months of bank statements proving plaintiff had never been late, and providing bank statements for two months ASC had not yet reported late, so that when ASC reported them late, the credit bureaus already had information proving that the report was fraudulent. Based upon information and belief, the credit bureaus refused to accept further false reporting or ASC gave up after its fraudulent conduct was

proven.

12. As a result of Wells Fargo and the previous lender's wrongful conduct, plaintiff lost interest on accounts that should have been in escrow, lost capital on money that had to be held in escrow because of defendant's failure to plaintiff's property taxes as agreed, credit scores were devastated by Wells Fargo's wrongful and fraudulent conduct in making multiple (4-6) false reports to credit reporting agencies that he was more than 30 days late in making a payment when he in fact had never been 30 days late in making a payment. Said conduct  in turn preventing plaintiff from getting credit and having to pay higher interest rates as well as lost profits due to inability to make other real estate investments. Plaintiff's business as a real estate investor was virtually destroyed by the combination of defendants' actions stated above.

13. In approximately July of 2009, as a result of Wells Fargo ruining plaintiff's credit, thereby preventing him from obtaining a home equity loan or refinancing in a timely manner in order for plaintiff to reduce his overhead, plaintiff eventually became unable to make his monthly payments and his property was foreclosed on. Since plaintiff's property is unique, and the foreclosure was caused by the wrongful conduct of Wells Fargo, plaintiff seeks a mandatory injunction requiring Wells Fargo to convey the property back to plaintiff and forfeit any sums due under the real estate contract.

14. As a holder in due course, Wells Fargo is liable for Country Wide's, conduct in failing to hold $7,400.00 in an escrow account to pay property taxes as agreed is a breach of contract and said defendant's failure to pay property taxes when due pursuant to that agreement is a further breach of contract and the duty to act in good faith.

15. Further, defendants' conduct in falsely reporting negative information to credit bureaus is breach of the duty of good faith and fair dealing and interferes with plaintiff's ability to perform under the contract.

16. Plaintiff had performed all conditions under the contract at the time the breach occurred. Plaintiff's eventual inability to perform under the contract was caused by defendant's breach of the duty of good faith and fair dealing.

17. Defendants and each of them have committed the above conduct in bad faith and have not dealt fairly with plaintiff resulting in lost real estate opportunities for plaintiff, lost interest on funds wrongfully withheld, excess interest on property taxes and other damages in an amount within the jurisdiction of this Court. Defendants' wrongful conduct has further resulted in plaintiff being unable to obtain financing which in turn caused plaintiff to be unable to make mortgage payments resulting in Wells Fargo's foreclosure, on plaintiff's property located at 814 S. Rimpau Blvd., Los Angeles, California including lost down

payment of $134,000.00. Plaintiff further seeks a mandatory injunction requiring defendants to reconvey said property to plaintiff.

## SECOND CAUSE OF ACTION

### UNFAIR COMPETITION
### (Against Wells Fargo)

18. Plaintiff incorporates paragraphs 1-39 of his first through fifth causes of action as though set forth fully herein.

19. Plaintiff alleges that the acts complained of above and herein amount to unfair business practices and are in violation of Business and Professions Code section 17200 et seq.

20. Defendants and each of them have committed the above conduct in bad faith and have not dealt fairly with plaintiff resulting in lost real estate opportunities for plaintiff, lost interest on funds wrongfully witheld, excess interest on property taxes and other damages in an amount within the jurisdiction of this Court. Defendants' wrongful conduct has further resulted plaintiff being unable to obtain financing which in turn caused plaintiff to be unable to make mortgage payments resulting in Wells Fargo's foreclosure, on plaintiff's property located at 814 S. Rimpau Blvd., Los Angeles, California including lost down payment of $134,000.00. Plaintiff further seeks a mandatroy injunction requiring defendants to reconvey said property to

8

plaintiff.

### THIRD CAUSE OF ACTION

### FRAUD (Deceit)

### (Against All Defendants)

21 Plaintiff hereby incorporates paragraphs 1-20 of his First, and Second Causes of action as though set forth fully herein.

22.  Bank of America (Countrywide committed fraud in changing the interest rate and demanding reserves for property taxes at the last moment and then not even paying plaintiff's taxes or setting up a reserve account amount to fraud. Defendant Wells Fargo is liable as a holder in due course for the above conduct upon purchase of the loan. Wells Fargo then further committed fraud by improperly setting up an impound account and refusing to remove it, and sending improper notice of default notices.

23. Further, in approximately May or June of 2006, plaintiff was attempting to refinance and learned that ASC had reported him 30 days late to the two credit bureaus. Plaintiff, aware that he hadn't even been 15 days late investigated. After many telephone calls, plaintiff learned that ASC had posted plaintiff's April, 2006 payment to March even though plaintiff had made his March payment in a timely fashion. While plaintiff suspected intentional wrongdoing, he sought to correct the error.  At some point after much complaining, the negative information was deleted only for a

9

short period of time. No sooner had that information been deleted, ASC reported a different month as 30 days late. ASC further refused to cash plaintiff's payment in an attempt to cause plaintiff to be 30 days late in making his monthly payment.

24. On approximately July 28, supervisor Wanda Harper represented to plaintiff that the negative information would be deleted and wrote a letter to plaintiff to that effect. After plaintiff complained, he eventually learned that instead of correcting the false information, defendant contacted the third credit bureau Trans Union to give them the false information as well.

25. Said representation was false as the negative information was not deleted, and the representation was made with the intent to defraud plaintiff. Defendant knew at the time the representations were made that they were in fact false.

26. Plaintiff actually and justifiably relied on said representation and did not take further action to cure the false reporting and continued to seek refinancing. Said reliance was to plaintiff's detriment as Washington Mutual denied plaintiff's application based upon said false reports which destroyed plaintiff's credit score. On subsequent occasions, representatives of ASC further represented that negative information had been deleted from plaintiff's credit reports. Each time, after initially relying on said representations, to his detriment, plaintiff would eventually learn that the representation was false.

27. On September 22, 2006, plaintiff wrote ASC regarding the false information, and threatened a lawsuit at that time.

28. On October 9, 2006, plaintiff had a telephone conversation with Wanda Harper's (a supervisor herself) supervisor Mark Labozzeccha, senior supervisor who represented that he would investigate. Mark Labozzeccha then represented to plaintiff, on or about October 9, or 10, 2006, that the negative information was being deleted and that his supervisor would contact plaintiff after the negative information was deleted. Paula Andree never contacted plaintiff. On or about October 9, 2006, supervisor Wanda Harper sent plaintiff a second letter stating that the negative information had been deleted. Plaintiff relied on this false information to his detriment.

29. In approximately early November, 2006, plaintiff spoke to agents of the three credit bureaus after having sent them copies of letters from ASC confirming that plaintiff wasn't late. Their responses were all the same ie. that when they would contact ASC, ASC would **confirm that plaintiff was more than 30 days late on making a payment.**

30. As a proximate result of defendants' conduct and each of them, plaintiff has been damaged in an amount within the jurisdiction of this court, and seeks injunctive relief against foreclosure, and that title be quieted in plaintiff's name only.

31. Based upon the malicious, outrageous  and

disgusting conduct of defendants' and each of them, plaintiff further seeks punitive damages in an amount within the jurisdiction of this court.

## FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against all defendants)

32. Plaintiff hereby incorporates paragraphs 1-31 of his First, Second, and Third, and Causes of Action as though set forth fully herein.

33. Defendants' conduct as alleged above inclusively each of them was done intentionally and with the intent to cause plaintiff great emotional distress.

34. As a result of defendants' conduct, plaintiff suffered sleepless nights, upset stomach and other related damages as a result of the stress in an amount within the jurisdiction of this court.

35. Based upon the outrageous, and malicious and disgusting conduct of defendants' and each of them, plaintiff is seeking punitive damages in an amount within the jurisdiction of this court.

## FIFTH CAUSE OF ACTION
## DEFAMATION

### (Against Wells Fargo)

36. Plaintiff hereby incorporates paragraphs 1 though 35 of his First, Second, Third and Fourth Causes of Action as

12

1  though fully set forth herein.

2      37. As factually stated in plaintiff's previous causes

3  of action, Wells Fargo, through its servicer, ASC

4  intentionally and with malice falsely reported to credit

5  bureaus that plaintiff was late continuously and for a

6  period over nine months, despite the fact that plaintiff had

7  proven to them that in fact he had not been late, and in

8  spite of its false promises to correct said information on

9  numerous occasions, but continued to confirm to credit

10 bureaus despite having the correct information that

11 plaintiff was late. It's malice is shown by the fact that it

12 intentionally posted plaintiff's April payment to March

13 thereby having two payments posted to March, and falsely

14 showing monies due and owing. This was in revenge for

15 plaintiff forcing Wells Fargo to pay back property taxes not

16 paid by Wells Fargo and its predecessor, refusing to cash a

17 check tendered by plaintiff in approximately July, forcing

18 plaintiff to make a call in payment and despite

19 conversations with numerous supervisors refused to correct

20 the false information which resulted in plaintiff being

21 unable to refinance for an extended period of time or make

22 real estate investments and eventually prevented plaintiff

23 from making a timely payment to Wells Fargo. Wells Fargo

24 intentionally committed this conduct, knowing it's

25 reports to the credit bureaus were false and knowing that

26 it  would affect plaintiff's credit and his reputation in

27 the community.

28     38. Defendants and each of them used the mail and

federal wire system and conspired among themselves to
destroy plaintiff's credit rating, his reputation, and
destroy his real estate business and cheat plaintiff as
described more fully above.

39. As a result of defendants behavior, plaintiff
suffered damages in an amount within the jurisdiction of
this court.

40. Based upon the outrageous, disgusting and malicious
behavior of defendants and each of them, plaintiff is
entitled to punitive damages in this matter.

## SIXTH CAUSE OF ACTION

### BREACH OF THE IMPLIED COVENANT

### OF GOOD FAITH AND FAIR DEALING
#### (Against Wells Fargo)

41. Plaintiff hereby incorporates paragraphs 1 through
40 of his First, Second, Third, Fourth, and Fifth causes of
action as though set forth fully herein.

42. As part of the real estate contract, each party
impliedly represents that they will do nothing to interfere
with the performance of the other party. The above
aforementioned conduct all interfered with plaintiff's
ability to perform under the contract, and most importantly,
Wells Fargo's conduct in falsely reporting plaintiff more
than 30 days late thereby ruining plaintiff's credit for
more than nine months interfered with plaintiff being able
to secure funds that would have allowed him to make timely
mortgage payments, and as a direct result of said conduct,

14

plaintiff was eventually unable to make his monthly payments under the contract.

43. As a result of Wells Fargo's breach of the implied covenant of good faith and fair dealing, plaintiff lost his property in foreclosure, lost his down payment of $134,000. and lost future profits from his real estate business in an amount within the jurisdiction of this court.

44. Plaintiff's property was unique, and plaintiff cannot be adequately compensated by money damages alone, and thereby requests the court order a mandatory injunction requiring  Wells Fargo to re-convey said property to plaintiff and forfeit all sums due it under the contract.

### SEVENTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION
### (Against Wells Fargo)

45. Plaintiff hereby incorporates paragraphs 1 through 44 of his First through Sixth causes of action as though set forth fully herein.

45. Defendants' conduct as set forth in plaintiff's fraud cause of action can be construed as well as negligent misrepresentation at a bare minimum though plaintiff contends that defendants' conduct went well beyond negligence.

46. As a result of defendant Wells Fargo's wrongful conduct plaintiff has lost real estate opportunities, lost interest on funds wrongfully witheld, excess

interest on property taxes and other damages in an amount within the jurisdiction of this Court. Defendants' wrongful conduct has further resulted plaintiff being unable to obtain financing which in turn caused plaintiff to be unable to make mortgage payments resulting in Wells Fargo's foreclosure, on plaintiff's property located at 814 S. Rimpau Blvd., Los Angeles, California including lost down payment of $134,000.00. Plaintiff further seeks a mandatroy injunction requiring defendants to reconvey said property to plaintiff.

## EIGHTH CAUSE OF ACTION
## QUIET TITLE
## (Against all Defendants)

47. Plaintiff hereby incorporates paragraphs 1-46 of his first through seventh causes of action as though set forth fully herein.

48. Plaintiff seeks to quiet title regarding property located at 814 S. Rimpau Blvd., Los Angeles, California and described as Lot 5 of Tract No. 3012. in the city of Los Angeles, county of Los Angeles, state of California, as per map recorded in book 42 pages 73-75 inclusive, of maps, in the office of the county recorder of said county. APN #5090-010-017. Defendants Susan and Gerald Lung are not bona fide purchasers, as a lawsuit was pending at the time of purchase and a lis pendens was on file at that time.

49. Based upon the wrongful conduct of Wells Fargo

alleged above, Wells Fargo should not be allowed in equity
to benefit from its wrongful conduct. In addition to
the aforementioned wrongful conduct of defendant Wells
Fargo, plaintiff further contends that it cannot show proper
ownership interest and proper chain of title, and further
based upon information and belief alleges that Wells Fargo
has sold interest in plaintiff's property through
securitization multiple and duplicative times, far exceeding
the value of the property and face value of loan.

50. Plaintiff therefore seeks that title be quieted in
plaintiff's name only and against all others claiming an
adverse interest and forever.

### NINTH CAUSE OF ACTION

### VIOLATION OF RICO STATUTES
### (Against Wells Fargo)

51. Plaintiff hereby incorporates paragraphs 1-49 of
his first through eighth causes of action as though set
forth fully herein.

52. Defendant Wells Fargo is a legitimate enterprises
engaged in racketeering conduct. Wells Fargo is a holder in
due course, having purchased the loan between CountrChase
Bank committed multiple predicate acts  furtherance of
its racketeering scheme including multiple acts of refusing
to accept lawful tenders of payments due under the contract
and is responsible for its agent Quality Loan Service's
multiple acts of sending inflammatory and false information
to plaintiff's tenants that he was in foreclosure before he

17

was foreclosure, thereby committing multiple types of predicate acts in furtherance of its racketeering conduct. It and defendant Quality Loan Service further entered into a conspiracy to commit racketeering acts as described above and Quality Loan, alone, committed multiple predicate acts by sending multiple false and inflammatory representations to plaintiff's tenants.

35. Defendants and each of them used the U.S. mail and federal wire systems to commit its illegal activity and in furtherance of its' conspiracy and racketeering activity with the purpose of harming plaintiff.

36. As a result of defendants behavior and each of them, plaintiff has lost unique property, lost income and suffered special and general damages within the jurisdiction of this court.

37. Pursuant to Rico, plaintiff further seeks treble damages and injunctive relief from foreclosure in this matter.


WHEREFORE, plaintiff prays as follows for causes of action 1 through 8:

   1.   Judgment against the defendants, and each of them;

   2.   General damages;

   3.   Special damages, as shall be proved at trial;

   4.   Punitive Damages

18

5.   To quiet title in plaintiff's name only.

6. For a preliminary injunction ordering defendant to reconvey said property to plaintiff;

7. For a permanent injunction reconverying said property to plaintiff;

8. Treble damages pursuant to Rico.

9. Costs of suit incurred herein;

10.   For such other and further relief as the Court may deem just and proper.

DATED: _October_ 26, 2012

_signature_

NICHOLAS WEIMER
attorney pro per    73094

19

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV12- 9296 SVW (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

SAO-440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

CENTRAL District of CALIFORNIA

NICHOLAS WEIMER

v.

WELLS FARGO, SUSAN AND GERALD LUNG

## SUMMONS IN A CIVIL CASE

CV12-9296 SVW (JCGx)

CASE NUMBER:

FOR OFFICE USE ONLY

TO: (Name and address of Defendant)

WELLS FARGO

CSC
2710 Gateway Oaks #150 N
Sacramento, Ca. 95833

SUSAN AND GERALD LUNG

814 S. Rimpau Blvd.
Los Angeles, Ca. 90005

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

NICHOLAS WEIMER

1080 S. Genesee Ave.
Los Angeles, Ca. 90019

FOR OFFICE USE ONLY

an answer to the complaint which is herewith served upon you, within ____ 21 ____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

FOR OFFICE USE ONLY

CLERK IS SAWYER

10-30-12

CLERK                                          DATE

(By) DEPUTY CLERK

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

NICHOLAS WEIMER

**DEFENDANTS**

WELLS FARGO, SUSAN AND GERALD LUNG

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

NICHOLAS WEIMER   Ca. state bar number 73094
1080 S. Genesee Ave.
Los Angeles, Ca. 90019       323-377-1814

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No       ☐ **MONEY DEMANDED IN COMPLAINT: $** Forty Million Dollars

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Foreclosure, fraudulent credit reporting

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 160 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 460 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☑ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | ☐ 465 Other Immigration Actions | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV12-9296

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* Nicholas Uerm   Los Angeles | California County outside of this District; State, if other than California; or Foreign Country  1080 S. Genesee Ave. Los Angeles, Ca 90019 |
|---|---|

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* Wells Fargo  Los Angeles  Sacramento | California County outside of this District; State, if other than California; or Foreign Country  2710 Gateway Oaks #150 n Sacramento, Ca 95833 |
|---|---|

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* Sague + Gerald Uerm  Los Angeles | California County outside of this District; State, if other than California; or Foreign Country  8145 Rimpau Blvd. Los Angeles, Ca 90005 |
|---|---|

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date Oct. 30, 2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

**Key to Statistical codes relating to Social Security Cases:**

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |